UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ROGELIO CUEVAS ESPINOZA,

Espinoza,

v.

MATTHEW CATE, SECRETARY, California Department of Corrections and Rehabilitation,

Respondent.

Civil No. 10cv0397 WQH (BGS)

**ORDER: (1) GRANTING MOTION TO CONSIDER AMENDED TRAVERSE; (2) DENYING REQUEST FOR JUDICIAL NOTICE**

**[Doc. Nos. 35, 38]**

## INTRODUCTION

Rogelio Cuevas Espinoza ("Espinoza") is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Before the Court is Espinoza's motion to amend his traverse (Doc. No. 35), and "Notice/Motion for Judicial Notice of Amended Traverse to be Considered by the Court" (Doc. No. 38). Espinoza requests that this court look to his amended traverse (Doc. No. 35-1), instead of his traverse (Doc. No. 33). For the reasons outline below, this Court **GRANTS** Espinoza's motion to consider his amended traverse and **DENIES** his "Notice/Motion for Judicial Notice of Amended Traverse to be Considered by the Court."

## PROCEDURAL HISTORY

Espinoza was convicted in California state court of mayhem involving the intentional and personal discharge of a firearm that caused great bodily injury, California Penal Code sections 203 and 12022.53(d), and assault with a semi-automatic firearm involving the personal use of the firearm and personal infliction of great physical injury under California Penal Code sections 245(b), 12022.5(a)(1),

12022.7(a). (Lodg. 6, at 1.) The jury deadlocked on a count of attempted murder, and the court declared a mistrial on that count. (*Id.*) On March 3, 2006, the trial court sentenced Espinoza to a four year middle term for mayhem and a consecutive term of twenty-five years to life for personally discharging a firearm and causing great bodily injury during the mayhem. (Pet. 1, ECF Doc. No. 1; Lodg. 6, at 1–2.)

Thereafter, Espinoza appealed the convictions in the Fourth District of the California Court of Appeal. (Lodgs. 3–5.) According to Espinoza, reversal was required because the trial court: (1) erroneously admitted audio tape recordings of police interviews of witnesses as prior inconsistent statements; (2) allowed the jury to listen to these tapes during deliberation, constituting receipt of extraneous matters not in evidence, and instructed the jury on the use of the prior statements; and (3) denied his motion for a new trial on an erroneous basis. (Lodg. 3, at 18, 38, 50; Lodg. 6, at 2.) Espinoza's reply brief concluded: "The entire judgment should be reversed on multiple grounds of federal constitutional due process and jury error . . . ." (Lodg. 5, at 24.) The state appellate court unanimously affirmed the trial court's decision. (Lodg. 6, at 16.)

Subsequently, Espinoza sought review of the appellate court's decision before the California Supreme Court. (Lodg. 7.) Espinoza maintained that review was warranted because: (1) the "case presents a unique opportunity . . . to delineate the boundaries of cases in which use of batches of tapes can deny federal constitutional due process"; and (2) "[e]xtraneous evidence heard by even one juror denies a defendant his Sixth Amendment right to an unbiased jury," and therefore, "the treatment of even accidental slips in what is given the jury [i]s federal constitutional error." (*Id.* at 24, 31–32.) On June 25, 2008, the California Supreme Court denied Espinoza's state petition without comment. (Lodg. 10.) Espinoza has raised both of these grounds for relief in his federal petition. (Pet. at 6-7; Pet. 1, ECF Doc. No. 1.)

On August 31, 2009, Espinoza filed a Petition for Writ of Habeas Corpus with the California Supreme Court ("Sate Petition"). (Lodg. 9.) The state habeas petition raised claims alleging ineffective assistance of trial and appellate counsel. The California Supreme Court denied the state petition without comment. (Lodg. 10.) Espinoza also included these claims in his federal petition. (Pet. 8–9; Lodg. 9, at 3–4.)

///

On February 18, 2010, Espinoza filed a Petition for Writ of Habeas Corpus in this court. (Pet. 1; ECF Doc. No. 1) Espinoza asserted six grounds for review: (1) whether the trial court denied Espinoza due process and a fair trial by admitting, over objection, audio recordings and corresponding transcripts of police interviews of witnesses; (2) whether supplying the jury with the tapes during deliberation constitutes reversible error as receipt of extraneous matters under federal law; (3) whether Espinoza's Sixth Amendment right to effective counsel and Fourteenth Amendment due process rights were violated when trial counsel failed to interview eyewitnesses; (4) whether Espinoza's Sixth Amendment right to effective assistance of counsel and Fourteenth Amendment due process rights were violated when appellate counsel refused to raise an ineffective assistance of counsel claim against trial counsel; (5) whether the prosecution's alleged failure to comply with the requirements of *Brady v. Maryland* violated Espinoza's due process rights, warranting a reversal of the conviction; and (6) whether Espinoza was denied his Sixth Amendment right to effective counsel when trial counsel failed to investigate, consult, or otherwise utilize a ballistics expert at trial. (*Id.* at 6–9.)

Respondent filed an answer on May 28, 2010. (Ans., ECF Doc. No. 16.) Respondent stated that Espinoza has exhausted state-court remedies and asks that Espinoza's petition be denied on the merits. (*Id.* at 2.) In addition to arguing that the court should deny Espinoza's petition because the state court decisions are entitled to deference, Respondent submitted that ground one and ground two must be dismissed because they are not cognizable federal claims. (*Id.*)

On September 7, 2010, Espinoza filed a motion for stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (Pet'r's Mot. Stay and Abey., ECF Doc. No. 21.) Espinoza contended that grounds one and two were not cognizable federal claims because he did not exhaust these claims before filing his federal petition . (*See Id.* at 2.) In order to avoid running afoul of the applicable statute of limitations, Espinoza asked that his petition be stayed and held in abeyance while he fully and fairly presents these claims to the highest state court. (*Id.* at 4.)

On August 16, 2011, this Court issued a Report and Recommendation recommending that Espinoza's motion for stay and abeyance be denied because his petition was fully exhausted and that Respondent's request to dismiss grounds one and two for failure to present a federal question also be denied. (Doc. No. 27 at 7.) This Court further recommended that the district court allow Espinoza the

opportunity to file a traverse to Respondent's answer before deciding the petition on the merits. (*Id.*) On September 14, 2011, the Report and Recommendation was adopted in its entirety in an Order by United States District Judge William Q. Hayes. (Doc. No. 28.) The Court noted that Espinoza could file a traverse to Respondent's answer no later than forty-five days from the date of its Order. (*Id.* at 3.)

On October 14, 2011, Espinoza filed a "Motion for Reconsideration for Second Report and Recommendation." (Doc. No. 30.) He contended that he did not receive a copy of the Magistrate Judge's Report and Recommendation. (*Id.*) In an Order by Judge William Q. Hayes, Petitioner was given until no later than November 14, 2011 to file any objection or any traverse to Respondent's answer. (Doc. No. 31.)

On November 14, 2011[1], Espinoza filed a traverse. (Doc. No. 33.) On January 10, 2011, Espinoza filed the instant motion to amend his traverse (Doc. No. 35) and attached an amended traverse (Doc. No. 35-1). In his motion, Espinoza included a declaration from himself and Mark Bonds ("Bonds"), the individual who has prepared all Espinoza's legal documents since his arrival at the Correctional Training Facility in Soledad, California. (Doc. No. 35 at 3-4.) The declarations state that Espinoza was sick when the traverse was due, and Bonds prepared the traverse for filing. (*Id.*) The declarations further state that Bonds did not thoroughly prepare the traverse and that the amended traverse better challenges the issues presented by the Respondent. (*Id.*)

On February 6, 2011, Espinoza filed the pending "Notice/Motion for Judicial Notice of Amended Traverse to be Considered by the Court" (Doc. No. 38). Espinoza asks this Court to consider his amended traverse pursuant to Federal Rules of Evidence 201(c) & (f). (*Id.* at 3.)

## DISCUSSION

Espinoza asks this Court to consider his amended traverse pursuant to Federal Rules of Evidence 201(c) & (f). However, his request is in error because these rules refer to judicial notice of adjudicative facts and thus are not relevant to his amended pleading. Accordingly, Espinoza's request for judicial notice is **DENIED**. Rather, this Court will take guidance from Federal Rules of Civil Procedure

///

[1]The mailbox rule holds that an incarcerated pro se prisoner's pleading is deemed filed at the moment of delivery to prison officials. *Miles v. Prunty,* 187 F.3d 1104, 1106 n.2 (9th Cir. 1999).

15(a)(2) which pertains to amended pleadings and states, "courts should freely give leave when justice so requires."

In the case at hand, no responsive pleading is required nor has this Court taken any action. Furthermore, this Court is mindful that pro se pleadings should be liberally construed. *See Resnick v. Hayes*, 200 F.3d 641, 644 (9th Cir. 2000) (indicating that under 28 U.S.C. § 1915, a court must construe pro se complaints liberally and in the light most favorable to the plaintiff). Thus, in the exercise of discretion, this Court will consider Espinoza's amended traverse when evaluating the petition.

## CONCLUSION

**IT IS HEREBY ORDERED** Espinoza's amended traverse (Doc. No. 35-1) will be considered in its entirety.

**IT IS FURTHER ORDERED** that Espinoza's request that the Court to take judicial notice pursuant to Federal Rules of Evidence 201(c) & (f) is **DENIED.**

**IT IS SO ORDERED.**

DATED: April 18, 2012

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court