UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rogelio Cuevas Espinoza,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>Shawn Hatton, Warden,<br><br>　　　　　　　　　　Respondent. | Case No.:  10cv397-WQH-BGS<br><br>**ORDER DENYING JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**<br><br>**[ECF No. 119]** |

The parties' Joint Motion for Stipulated Protective Order (ECF No. 119) filed on April 12, 2018 is currently before the Court.  In conversations with the Court, the parties stated a Protective Order was to be entered pursuant to *Bittaker v. Wodoford*, 331 F.3d 715 (9th Cir. 2003) (en banc) for the purpose of protecting privileged information that could be disclosed during appellate defense counsel Barbara Smith's testimony during the May 2, 2018 evidentiary hearing.

However, unlike in *Bittaker*, the categories of documents and testimony required to be deemed confidential and submitted under seal per the proposed Protective Order are overly broad.  Critically, the proposed Protective Order fails to provide a nexus between (1) the privileged nature of the documents or testimony at issue and (2) the resultant need

for such documents or testimony to be marked as confidential and/or submitted under seal. This systemic error must be corrected throughout the proposed Protective Order; only documents or testimony containing privileged information should be permitted to be sealed. A determination regarding the existence of privilege and whether such a privilege has been waived will be subject to notice and an opportunity to be heard from the parties if contested.

The overly broad nature of the proposed Protective Order is apparent on its face. For example, the proposed Protective Order would encompass: "(1) any and all testimony, documents and materials, including declarations, that are presented, discovered, filed or admitted during this habeas action; (2) any and all testimony provided at an evidentiary hearing or through discovery, and any statements made in pre-hearing investigation in this matter; and (3) any reference to such documents, testimony, or statements in pleadings and briefings submitted to the Court." (ECF No. 119 at 2.) However, the proposed Protective Order should only apply to: (1) documents and materials from appellate defense counsel's files regarding her representation of Petitioner; (2) any related testimony provided at a deposition or an evidentiary hearing in this matter and (3) any reference to such documents or testimony in the parties' pleadings submitted to the Court.

Further, in the proposed Protective Order, the parties would require all "testimony or statements made [at the evidentiary hearing] by Petitioner, Petitioner's experts, appellate defense counsel, and any appellate defense team member or expert [to] be deemed confidential and sealed." (ECF No. 119 ¶ 5.) However, it is only testimony and statements made during the evidentiary hearing by Petitioner, Petitioner's experts, appellate defense counsel, and any appellate defense team member *regarding privileged matters* that should be deemed confidential and sealed. Sealing the entirety of appellate defense counsel and Petitioner's testimony from the evidentiary hearing would be overly inclusive.

Similarly, the proposed Protective Order limits the use of "any and all of the above mentioned documents, statements, testimony, and privileged materials" by the parties to this federal habeas litigation. (ECF No. 119 ¶ 6) However, it is only *privileged* documents

produced to Respondent and *privileged* testimony in this action that should be limited to use by the parties in this habeas corpus proceeding, or any related federal or state habeas corpus proceeding regarding the same conviction.

Further, Paragraph 2 is overbroad and ambiguous. It states that "[a]ny and all discovery granted by this Court, including requests to depose appellate defense appellate defense counsel, and other appellate defense team members or experts, shall be deemed confidential." (ECF No. 115 ¶ 2.) This means, that "any and all discovery granted by this Court . . . shall be deemed confidential." Nowhere in the proposed Protective Order is the term "confidential" defined. As some paragraphs state that materials "shall be deemed confidential and sealed", it appears that confidential documents are not required to be filed under seal. The parties must define what protections should be afforded confidential documents.

For the reasons stated above, the Joint Motion for Stipulated Protective Order (ECF No. 119) is **DENIED WITHOUT PREJUDICE**. Given that the evidentiary hearing is set to recommence on May 2, 2018 at 9:30 a.m., the parties must submit a revised joint motion for a stipulated protective order no later than the **close of business on Thursday, April 26, 2018.** The revised joint motion for a stipulated protective order should be consistent with the following protective orders: Protective Order, *Bittaker v. Woodford*, No. 91-cv-1643-WMB (C.D. Cal. May 10, 2002) (ECF No. 423), Supplement to Protective Order, *Bittaker v. Woodford*, No. 91-cv-1643-WMB (C.D. Cal. Nov. 17, 2003) (ECF No. 467), and Protective Order, *Scott v. Ylst*, No. 03-cv-978-VAP (C.D. Cal. Aug. 8, 2006) (ECF No. 54) (use of protective order approved *sub nom* in *Scott v. Chappell*, 547 Fed. App'x 815 (2013)).

Additionally, upon review of the prior Protective Order (ECF No. 74) entered in this action, it appears the parties intended to limit that Protective Order to privileged testimony and communications only per *Bittaker*. However, upon review, it also appears overbroad for the same reasons discussed above. (See, e.g., ¶ 5 ECF No. 74 ¶¶ 3, 6) The parties should resubmit a modified protective order consistent with *Bittaker* to the extent the

existing Protective Order (ECF No. 74) should apply to only privileged material and testimony.

**IT IS SO ORDERED.**

Dated: April 25, 2018

_____
Hon. Bernard G. Skomal
United States Magistrate Judge