UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rogelio Cuevas Espinoza,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>Shawn Hatton, Warden,<br><br>　　　　　　　　　Respondent. | Case No.: 10cv397-WQH-BGS<br><br>**ORDER REGARDING PETITONER'S COUNSEL'S APRIL 26, 2018 COMMUNICATION WITH THE COURT AND VACATING MAY 2, 2018 EVIDENTIARY HEARING** |

During the afternoon of April 26, 2018, Petitioner's counsel contacted the chambers of Judge Skomal to inform the Court that he would be requesting a continuance of the final day of the Evidentiary Hearing, set for the following Wednesday, May 2, 2018, due to the withdrawal of a previously undisclosed expert witness he was planning to call at the hearing. The final day of the Evidentiary Hearing has been scheduled since April 4, 2018. (ECF No. 117.)

The Court held its first status conference about the evidentiary hearing with counsel on January 23, 2017. (ECF No. 68.) Since that time, the parties have filed a Joint Discovery Plan (ECF No. 70), a Status Report (ECF No. 78), a Joint Pre-Hearing Brief (ECF No. 82), and a Supplemental Joint Pre-Hearing Brief (ECF No. 91). Additionally,

the parties have participated in multiple status conferences (ECF Nos. 79, 84, 85, 86, 90, 93, 94, 98, 100, 101 114) and email communications with the Court. The latest of these status conferences occurred on March 21, 2018, during which Petitioner's counsel made no reference to his intention of calling an expert at the upcoming hearing. (ECF No. 114.) Of note, per Petitioner's counsel's April 26, 2018 communication with chambers, he had already submitted an application with the District Judge for the appointment of an expert witness for the evidentiary hearing weeks before this status conference. Further, three days of the evidentiary hearing had already occurred. (ECF Nos. 110-12.) After extensive discussions with both parties, the Court scheduled the final day of the Evidentiary Hearing for a half-day session premised upon counsels' representations regarding their remaining witnesses.

In the parties' initial Joint Discovery Plan filed on February 10, 2017, they stated that it was "anticipated that Petitioner will move for appointment of a *Strickland* expert to potentially assist the Court in evaluating Petitioner's claim; should the expert be called as a witness, his or her reports would be discoverable."[1] (ECF No. 70 at 2.) However, in their May 22, 2017 Joint Status Update, the parties informed the Court that "[t]he anticipated witnesses at the evidentiary hearing remain the same as list in the Joint Discovery Plan, (*see* Docket No. 70 at 1-2), **except that the parties no longer anticipate an *Strickland* expert**." (ECF No. 78 at 2 [emphasis added].) From the filing of the May 22, 2017 Joint Status Update until the afternoon of April 26, 2018, Petitioner's counsel had not expressed a renewed desire to call an expert witness at the evidentiary hearing, let alone identified an expert witness he anticipates calling at the evidentiary hearing, to Judge Skomal or his chambers. (*See, e.g.*, ECF No. 82 at 10-11 [list of petitioner's witnesses]); ECF No. 91 at 2-3 [same][2].) Up to this point, the focus of the final day of the Evidentiary

---

[1] The deadline for the completion of discovery was December 18, 2017. (ECF No. 84 at 2.)
[2] In the Supplemental Joint Pre-Hearing Brief, Petitioner reserved the right to call additional witnesses and stated that "undersigned counsel is still in the process of locating and interviewing additional witnesses – including the witnesses Petitioner previously identified in the Parties' Joint Pre-Hearing Brief"

Hearing has been to permit Petitioner's former appellate defense attorney to testify. (*See* ECF Nos. 117, 119, 124.)

Given this history, the Court is taken aback at Petitioner's counsel's failure to communicate his intention of calling an expert witness during the final day of the Evidentiary Hearing. This is especially true in light of the Court's concerted efforts to be both accessible to counsel and flexible with scheduling throughout this matter. Further, continuing the hearing at such a late hour is a drain on judicial time and resources. Notwithstanding, and despite these misgivings, the issues surrounding Petitioner's apparent intention to call an expert witness during the evidentiary hearing must be addressed. Thus, the Court hereby **VACATES** the May 2, 2018 Evidentiary Hearing to be reset following the submission of the following:

**No later than May 1, 2018**, Petitioner's counsel must submit a brief and supporting declaration addressing the following:

a. Why he failed to timely inform the Court that he planned to call an expert witness during the May 2, 2018 Evidentiary Hearing;

b. Establishing how the expert's testimony would be relevant to and within the scope of issues being addressed at the evidentiary hearing and would satisfy the requirement of Federal Rule of Evidence 702(a);

c. Providing an exhaustive list[3] of any witnesses he intends to call during the remainder of the evidentiary hearing; and

d. Providing available dates for resetting the Evidentiary Hearing[4] and an estimated amount of time Petitioner will need to present his remaining witnesses. Petitioner's counsel should factor into his time estimates his need to obtain a new

---

and referenced a January 13, 2018 application for resources pending before the District Judge. (ECF No. 91 at 3 & n.2.) However, this was in reference to lay witnesses, not potential expert witnesses.

[3] Petitioner's counsel has stated in his communication with chambers that he has not been able to find a new expert since Petitioner's appointed expert's April 20, 2018 withdrawal. If as of **May 1, 2018** counsel has not been able to secure a new expert, he should state whether he will still be calling such an expert.

[4] Note, the Court's first availability is June 6, 2018 at 9:30 A.M.

expert and the amount of time his expert will need to prepare for the Evidentiary Hearing. Further, Petitioner's counsel must inform the Court, as well as Respondent's counsel, when a new expert has been retained and once funding for the new expert is approved by the District Judge.

**No later than May 4, 2018**, Respondent's counsel must submit a response brief and supporting declaration addressing the following:

    a. Whether Respondent objects to Petitioner's calling of an expert witness and if so on what bases. Further, Respondent's counsel must include any relevant authority permitting the Court to limit Respondent's calling of an expert witness in the context of a habeas evidentiary hearing;

    b. Whether Respondent anticipates calling a rebuttal expert witness;

    c. Providing an exhaustive list of any remaining witnesses Respondent intends to call during the remainder of the evidentiary hearing; and

    d. Providing available dates for resetting the Evidentiary Hearing[5] and an estimated amount of time Respondent will need to present any remaining witnesses.

If any future change in position of one of the parties arises, they are on notice that they **must inform the Court in a timely manner** so as to avoid an unnecessary expenditure of judicial time and resources.

**IT IS SO ORDERED.**

Dated: April 27, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[5] Note, the Court's first availability is June 6, 2018 at 9:30 A.M.

4

10cv397-WQH-BGS